# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *In re J.R.*, 2011 IL App (3d) 100094

---

| | |
|---|---|
| Appellate Court Caption | *In re* J.R., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Jacqualine R., Respondent-Appellant). |
| District & No. | Third District<br>Docket No. 3–10–0094 |
| Filed | June 6, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial courts findings supporting the placement of a minor with the Department of Juvenile Justice for the protection of the public uniquely concerned the minor and did not concern his mother's right to custody, and therefore she lacked standing to challenge the commitment, and furthermore, the trial court did not abuse its discretion in denying her motion for reconsideration and ruling that the additional evidence she proposed to present would not have changed the disposition. |
| Decision Under Review | Appeal from the Circuit Court of La Salle County, Nos. 9–JD–22 and 9–JD–108; the Hon. William Balestri, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Elizabeth J. Rice, of John L. Cantlin & Associates, of Ottawa, for appellant.

Brian Towne, State's Attorney, of Ottawa (Terry A. Mertel and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Ed Kuleck, of Ottawa, guardian *ad litem*.

Panel

PRESIDING JUSTICE CARTER delivered the judgment of the court, with opinion.

Justices Schmidt and McDade concurred in the judgment and opinion

**OPINION**

¶ 1    The minor, J.R., was adjudged delinquent and committed for an indeterminate amount of time to the Department of Juvenile Justice pursuant to section 5–750 of the Juvenile Court Act of 1987 (the Act) (705 ILCS 405/5–750 (West 2008)). His mother, the respondent, Jacqualine R., appeals the commitment, and the appointment of the Director of Juvenile Justice as the minor's legal custodian, arguing that the trial court's decision was against the manifest weight of the evidence. Jacqualine also argues that the trial court erred in finding that she made a knowing waiver of her right to counsel and her right to present evidence at the dispositional hearing. We affirm.

¶ 2                                   FACTS

¶ 3    On February 13, 2009, the State filed a petition for adjudication of wardship, alleging that the minor was delinquent under section 5–105 of the Act (705 ILCS 405/5–105(3) (West 2008)) based on seven counts of disorderly conduct and one count of sexual exploitation of a child. The minor was appointed counsel, and he admitted to the seven counts of disorderly conduct. Jacqualine was admonished regarding her right to independent counsel, but she chose to waive her right to her own counsel and indicated that she was satisfied with the same counsel as the minor. The State withdrew the count alleging sexual exploitation of a child, and the trial court found the minor delinquent. The trial court made the minor a ward of the court and placed the minor on probation for a year.

¶ 4    Three months later, the State filed a contempt petition, alleging that the minor violated the terms of his probation by committing additional acts of disorderly conduct, resisting a peace officer, aggravated assault, and unlawful use of a weapon. The trial court entered a temporary detention order. Thereafter, the State filed a petition to revoke the minor's probation and withdrew the contempt petition. At the hearing on the petition to revoke,

-2-

Jacqualine was again admonished of her right to counsel, and she again chose to continue with the same attorney as the minor. The minor admitted to six of the eight new violations, and the State withdrew one charge of disorderly conduct and the charge of aggravated assault. The trial court revoked the minor's probation. The trial court entered an order of adjudication of wardship, finding the minor delinquent.

¶ 5     At the dispositional hearing, Kim Pittman, the minor's probation officer, testified that a juvenile sex offender evaluation was conducted on the minor by Cindy Robinson of the Youth Service Bureau. The purpose of the evaluation was to look at the minor's sexual behavior and determine his risk of reoffending. During the evaluation, the minor took out a knife, which led to some of the additional charges in the petition to revoke. Robinson recommended that the minor be incarcerated in a secure facility that could provide mental health treatment.

¶ 6     Pittman also testified that Dr. Mary Zashin performed a psychological evaluation on the minor, focusing on his level of learning and functioning. Zashin recommended that the minor be placed in a residential facility where he could get sex offender and mental health treatment, and participate in a developmentally delayed program. Pittman testified that since there were two different recommendations, the minor was sentenced to a 30-day diagnostic at the Department of Juvenile Justice. After the intake, the minor was sent to the sex offender unit and was involved in treatment there. That report recommended sex offender, mental health, substance abuse, and anger management treatment in a protected, structured environment. Pittman recommended that the minor be remanded back to the Department of Juvenile Justice to continue sex offender treatment.

¶ 7     After the dispositional hearing, after which counsel was appointed for Jacqualine per her request, the trial court found that the minor needed treatment in a secure setting. The trial court considered the minor's best interest, but it also took into consideration the protection of the public and the minor's criminal offenses and dangerous thoughts. Based on those considerations, the trial court committed the minor to the Department of Juvenile Justice for an indeterminate amount of time, not to exceed five years or his twenty-first birthday, and appointed the Director of Juvenile Justice as his legal guardian. On the preprinted form on which the trial court entered the minor's judgment and sentence, the trial court found that reasonable efforts had been made to prevent the need for removing the minor from the home and that removal was in the minor's best interest. The trial court then checked both alternative boxes: (1) that the parents of the minor were unable or unwilling to care for the minor and the best interest of the minor and the public would not be served by placement under section 5–740 of the Act (705 ILCS 405/5–740 (West 2008)); and (2) commitment was necessary to protect the public.

¶ 8     Jacqualine filed a motion for reconsideration, arguing that the minor did not receive a full and fair hearing. The trial court denied the motion, finding that Jacqualine had been advised that she could obtain counsel and she chose to rely on the minor's attorney. Also, the trial court noted that testimony offered by Jacqualine from family members and friends would not cause it to reconsider its decision, which was based on psychological evaluations and the juvenile justice evaluation. Jacqualine appealed.

¶ 9                                         ANALYSIS

¶ 10      Jacqualine essentially raises two issues on appeal: (1) whether the trial court's decision to commit the minor was against the manifest weight of the evidence; (2) whether the trial court erred when it denied Jacqualine's motion for reconsideration. The State argues that Jacqualine lacks standing to challenge the dispositional order and that the trial court's decision to commit the minor to the Department of Juvenile Justice was not an abuse of discretion. The State also contends that Jacqualine waived her right to have separate counsel during the delinquency proceedings.

¶ 11                                   I. Dispositional Order

¶ 12      In this case, the minor did not appeal the finding of delinquency nor the dispositional order committing him to the Department of Juvenile Justice. Jacqualine, as the minor's parent, appealed the dispositional order. In proceedings under the Act, parents are necessary parties. *In re A.H.*, 195 Ill. 2d 408 (2001). The parents of a minor have the right to be present, to be heard, and to present evidence. 705 ILCS 405/1–5(1) (West 2008). They also have the right to notice of the proceedings. 705 ILCS 405/1–5(3) (West 2008).

¶ 13      However, a parent can only appeal decisions that affect their own rights; the parent in a delinquency proceeding lacks standing to appeal issues concerning only the minor. See *In re D.M.A.*, 136 Ill. App. 3d 1027 (1985); see also *In re M.W.*, 232 Ill. 2d 408 (2009) (minor's argument that her father's due process rights were violated when he was not served with notice of the delinquency petition was rejected because the father did not appeal).

¶ 14      In the instant case, we hold that Jacqualine lacks standing to challenge the dispositional order, as the order was sufficiently based on findings that did not concern her rights. The trial court found that the minor was in need of treatment in a secure setting. The trial court took into consideration the minor's best interest and that of the public and determined that it was necessary to commit the minor to the Department of Juvenile Justice. The court relied on evaluations, which all agreed that the minor needed sex offender and mental health treatment but disagreed on the issue of full commitment versus a residential placement. The trial court concluded that reasonable efforts had been made to prevent the need for removing the minor from the home and that removal was in the minor's best interest. The trial court then found both: (1) that the parents of the minor were unable or unwilling to care for the minor and the best interest of the minor and the public would not be served by placement under section 5–740 of the Act (705 ILCS 405/5–740 (West 2008)); and (2) commitment was necessary to protect the public.

¶ 15      Since the trial court found that commitment was necessary under both alternative provisions of section 5–750 of the Act (705 ILCS 405/5–750 (West 2008)), we find it unnecessary to determine whether there was sufficient evidence to support the trial court's finding that Jacqualine was unfit, unable, or unwilling to care for the minor. The trial court made the necessary findings to justify the minor's placement with the Department of Juvenile Justice for the protection of the public. That conclusion uniquely concerned the minor and did not concern Jacqualine's right to custody, so she lacks standing to challenge it.

## II. Motion to Reconsider

Jacqualine argues that the trial court erred when it ruled that she made a knowing waiver of counsel and the right to present evidence for purposes of disposition. She also argues that the trial court abused its discretion in ruling that her additional evidence would not have changed his dispositional decision. The State argues that Jacqualine waived her right to separate counsel and that there was no abuse of discretion.

Section 1–5 of the Act provides that the minor and his parents have the right to be represented by counsel in proceedings under the Act. 705 ILCS 405/1–5 (West 2008). In this case, the record is clear that the trial court advised Jacqualine on two separate occasions that she had the right to retain counsel of her own or rely on the same counsel as the minor. On both occasions, Jacqualine indicated that she wanted to proceed with the same counsel as the minor. Under these circumstances, we find no error.

We also find no abuse of discretion in the trial court's denial of the motion for reconsideration and ruling that Jacqualine's additional evidence would not have changed its dispositional decision.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.